**GARCIA & VILLARREAL, P.L.C.**
John S. Garcia, Esq. (SBN 022453)
241 South Main Street
Yuma, Arizona 85364
928.276.4349 Telephone
928.276.4861 Facsimile
jgarcia@gkvlaw.com

Attorneys for Plaintiff

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| JIMMY D. PUCKETT, an unmarried man; | No. |
| Plaintiff, | **COMPLAINT** |
| vs. | |
| UNITED STATES OF AMERICA, | **(FTCA - Medical Malpractice)** |
| Defendant. | |

Plaintiff, by and through undersigned counsel, for his cause of action against the Defendant herein, alleges as follows:

## PARTIES

1.      Plaintiff Jimmy D. Puckett is a resident of Yuma County, State of Arizona, at all times relevant hereto.

2.      Defendant United States of America, through the Department of Veterans Affairs ("VA"), owns and operates certain medical facilities that provided care to Plaintiff

[1]

*Left margin vertical text:* ATTORNEYS AT LAW  GARCIA & VILLARREAL, P.L.C.  241 SOUTH MAIN STREET, YUMA, ARIZONA 85364  928.276.4349 (T) 928.276.4861 (F)

1   through Defendant's employed medical staff, at all times relevant hereto and within the

2   State of Arizona ("VA System").

3        3.    Plaintiff is a veteran qualified to utilize the VA System as a result of his

4   service in the United States Army.

5        4.    Defendant employed, supervised, controlled and is responsible for physicians

6   and other health care providers who gave Plaintiff care and treatment at Defendant's

7   facilities.

8        5.    Defendant is responsible for the acts and omissions of its employees acting

9   in the scope and course of their employment as more particularly set forth in the Federal

10  Tort Claims Act, 28 U.S.C. §2671 et seq. ("FTCA").

11  **JURISDICTION AND VENUE**

12       6.    Plaintiff incorporates by reference Paragraphs 1-5 of this Complaint.

13       7.    The events that form the basis of Plaintiff's Complaint occurred in the

14  County of Yuma, State of Arizona.

15       8.    On February 22, 2016, Plaintiff timely submitted his Claim for Damage,

16  Injury or Death (Standard Form 95) to Defendant to pursue his administrative claim for

17  damages, consistent with the requirements of the FTCA.

18       9.    By letter dated March 9, 2016, the VA requested additional information in

19  accordance with 28 C.F.R. Part 14, but erroneously omitted Plaintiff's claim and

20  incorrectly stated the damages claimed.

21       10.    By letter dated March 21, 2016, the VA requested additional information in

22  accordance with 28 C.F.R. Part 14.

ATTORNEYS AT LAW
GARCIA & VILLARREAL, P.L.C.
241 SOUTH MAIN STREET, YUMA, ARIZONA 85364
928.276.4349 (T) 928.276.4861 (F)

[2]

ATTORNEYS AT LAW
GARCIA & VILLARREAL, P.L.C.
241 SOUTH MAIN STREET, YUMA, ARIZONA 85364
928.276.4349 (T) 928.276.4861 (F)

11.     On April 6, 2016, Plaintiff submitted two (2) letters to the VA noting the errors in the VA's March 9, 2016 letter, and acknowledging the receipt of the VA's March 21, 2016 letter.

12.     On May 6, 2016, Plaintiff timely submitted his letter to the VA with the additional information requested by the VA in the VA's March 21, 2016 letter.

13.     By letter dated September 6, 2016, the VA denied Plaintiff's claim.

14.     On March 30, 2017, the Plaintiff submitted his letter to the VA requesting reconsideration of the denial of Plaintiff's claim.

15.     By letter dated March 3, 2021, but received by undersigned counsel on May 11, 2021, the VA, having reconsidered its decision, conveyed to Plaintiff its final denial of the claim, thus, permitting Plaintiff to file suit.

16.     Plaintiff has exhausted all necessary administrative remedies prior to bringing this action, thus vesting jurisdiction in this Court.

17.     This Court has jurisdiction of this action pursuant to 28 U.S.C. §1346(b)(1) and the FTCA, 28 U.S.C. §2671 et seq., which provides that a tort claim which has been administratively denied may be submitted to a Federal District Court for judicial consideration.

18.     Jurisdiction and Venue are proper in this Court pursuant to 28 U.S.C. §§1391(b)(2), 1331 and 1346(b) as a claim against the United States pursuant to the FTCA, in that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

[3]

**FACTUAL BACKGROUND**

19.    Plaintiff incorporates by reference Paragraphs 1-18 of this Complaint.

20.    On or about February 21, 2013, Plaintiff signed up for his first visit to the VA in Yuma, Arizona, complaining of trouble breathing, nausea, exhaustion, and blurred vision.

21.    On or about February 25, 2013, Plaintiff was diagnosed with hyperlipidemia (fats in blood, which can speed up process of atherosclerosis and increases risk of heart disease, stroke or other vascular diseases, even if no symptoms are being displayed) and was placed on cholesterol-lowering medications.

22.    On numerous visits to the VA clinics after February 25, 2013, it was noted that Plaintiff was being treated for hyperlipidemia and on medications for such (in addition to COPD).

23.    Plaintiff's age (63 at the time of the negligence), obesity and history of being a smoker, living a sedentary life, and diagnosis of hyperlipidemia, hypertension, and coronary artery disease (among other conditions), should have alerted medical providers at the VA that Plaintiff had an extremely high risk of heart attack and his medical providers should have been on the lookout for such symptoms whenever he was treated at the VA.

24.    Plaintiff was prescribed Viagra on multiple occasions, which should have been preceded by testing to determine whether or not his heart was healthy enough for sexual activity.  No such tests were performed as a precondition to Plaintiff receiving a prescription for Viagra.

ATTORNEYS AT LAW
GARCIA & VILLARREAL, P.L.C.
241 SOUTH MAIN STREET, YUMA, ARIZONA 85364
928.276.4349 (T) 928.276.4861 (F)

[4]

ATTORNEYS AT LAW
GARCIA & VILLARREAL, P.L.C.
241 SOUTH MAIN STREET, YUMA, ARIZONA 85364
928.276.4349 (T) 928.276.4861 (F)

1      25.    On or about February 25, 2013, Plaintiff visited with Dr. Lisa Gilbert at the

2   Yuma VA clinic and again complained of pain in the upper left arm, nausea and allergies.

3      26.    No test of Plaintiff's heart was conducted or ordered by Dr. Gilbert.

4      27.    On or about October 28, 2013, Plaintiff called the lab with complaints of

5   upper left arm pain, trouble breathing, nausea, and sinus issues.

6      28.    Dr. Gilbert did not order any tests of Plaintiff's heart.

7      29.    On or about March 20, 2014, Plaintiff scheduled a visit to the VA.  At the

8   time he called, he informed the VA staff that he had trouble breathing, pain in his forehead,

9   pain in his upper left arm, and nausea, all symptoms of heart disease.

10     30.    Notwithstanding these complaints, Plaintiff did not receive an appointment

11  until April 11, 2014 at the Tucson imaging center, which conducted a CT scan of his

12  sinuses.  Tucson, Arizona, is 238 miles from Yuma, Arizona, where Plaintiff lives.

13     31.    Despite being the treating physician, Dr. Gilbert did not meet with Plaintiff

14  in person to discuss the results of the CT scan, but instead consulted with him via telephone

15  and told Plaintiff that she "could not do anything more."

16     32.    On or about July 16, 2014, Plaintiff contacted the VA in Yuma, Arizona,

17  complaining of shortness of breath, pain in his left arm, exhaustion, nausea, and pressure

18  in his forehead.  These are all symptoms of a heart attack and, given Plaintiff's risk factors

19  for heart disease, should have alerted medical providers at the VA that he was or would

20  soon suffer a heart attack.  Plaintiff was given no tests for his heart.

21

22

[5]

33.   On or about July 31, 2014, Plaintiff met with Dr. Gilbert and again complained of shortness of breath, pain in his left arm, exhaustion, nausea, and pressure in his forehead.  Again, Plaintiff was given no tests for his heart.

34.   On or about August 2, 2014, Plaintiff suffered a massive myocardial infarction ("heart attack").

35.   Plaintiff had to be rushed to the Yuma hospital, Yuma Regional Medical Center ("YRMC"), by ambulance where he was treated in the emergency room.

36.   Plaintiff's heart had to be restarted via electrical stimulation no less than 21 times.

37.   As a result of the heart attack, Plaintiff remained in a coma for approximately two weeks and was given little chance to survive.

38.   Although Plaintiff has survived the heart attack, he has been unable to work and has continued to suffer the physical effects of the heart attack that easily could have been prevented had his treating physicians at the VA taken the time to listen to his complaints and properly examine him.

39.   The VA had no less than 4 opportunities prior to Plaintiff's heart attack to detect the issue with his heart and recommend proper treatment.

40.   The VA's failure to do so has significantly damaged Plaintiff's life.

41.   The VA was overly busy, understaffed, and unresponsive to Plaintiff, as its patient, and his medical condition.  In fact, Plaintiff rarely observed any medical practitioner taking notes while he was complaining of what bothered him.

ATTORNEYS AT LAW
GARCIA & VILLARREAL, P.L.C.
241 SOUTH MAIN STREET, YUMA, ARIZONA 85364
928.276.4349 (T)   928.276.4861 (F)

[6]

<div style="text-align: left; writing-mode: vertical-rl;">ATTORNEYS AT LAW
GARCIA & VILLARREAL, P.L.C.
241 SOUTH MAIN STREET, YUMA, ARIZONA 85364
928.276.4349 (T)  928.276.4861 (F)</div>

**CLAIM FOR RELIEF**

**COUNT ONE:  NEGLIGENCE (MEDICAL MALPRACTICE)**

42.    Plaintiff incorporates by reference Paragraphs 1-41 of this Complaint.

43.    Defendant, through the VA and its employees, had a duty to provide reasonable, necessary, appropriate and timely medical care and treatment to Plaintiff that was consistent with the applicable standard of care in the medical community.

44.    Defendant, through the VA and its employees, violated the applicable standard of care as alleged hereinabove, which directly and proximately caused Plaintiff damages.

45.    As a further result of Defendant's negligence, Plaintiff will continue to incur medical expenses for the remainder of his life to treat his condition, which could have been completely avoided but for Defendant's negligence.

46.    As a further result of Defendant's negligence, Plaintiff has experienced and continues to experience grief, anxiety, pain, suffering and depression and loss of enjoyment of life due to his injuries.

47.    Due to the current condition of his heart, Plaintiff is unable to perform any type of gainful work.  Plaintiff has been forced to abandon his hopes of a career in real estate.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

A.    For general and special damages, economic and non-economic damages, as described hereinabove and as allowed by law;

[7]

1    B.    For taxable costs and pre- and post-judgment interest to the extent permitted

2    by law;

3    C.    For an amount to compensate Plaintiff for his pain, grief, sorrow, anguish,

4    stress, shock and mental suffering already experienced and reasonably probable to be

5    experienced in the future; and

6    D.    For such other relief as the Court deems just and proper.

7    DATED this 23rd day of August, 2021.

8                                    **GARCIA & VILLARREAL, P.L.C.**

9

10                                   _/s/ John S. Garcia_____
                                     John S. Garcia, Esq.
                                     Attorneys for Plaintiff

11

12

13

14

15

16

17

18

19

20

21

22

ATTORNEYS AT LAW
GARCIA & VILLARREAL, P.L.C.
241 SOUTH MAIN STREET, YUMA, ARIZONA 85364
928.276.4349 (T)  928.276.4861 (F)

[8]